UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NEVILLE, MD,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARGUERITE DILL,<br><br>　　　　　　　　　　Defendant. | Case No.: 21cv1148-CAB-MDD<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**[Doc. No. 5]** |

On July 14, 2021, Defendant Marguerite Dill filed a motion for judgment on the pleadings under FRCP 12(c), or alternatively, to dismiss under FRCP 12(b)(6). [Doc. No. 5.] To date, no opposition has been filed. On August 11, 2021, Defendant filed a reply, noting that Plaintiff Robert Neville, M.D. had failed to timely oppose the motion. [Doc. No. 6.] For the reasons set forth below, the motion is **GRANTED**.

**Procedural Background**

On January 3, 2019, the United States District Court for the Southern District of Georgia permanently enjoined Plaintiff "from, either directly or indirectly, litigating the administration of Jessica Neville's estate or the Bulloch Property transaction any further in this Court." *Neville v. McCaghren* ("*McCaphren Action*")*,* Case No. 6:17cv75-JRH-

JEG, 2019 WL 97836, at *6 (Jan. 3, 2019).[1] Just over a month later, on February 14, 2019 Plaintiff, proceeding *pro se* and *in forma pauperis*, filed an action in this Court related to the administration of Jessica Neville's estate and the Bulloch Property transactions, this time naming Marguerite Dill as defendant.  [*Neville v. Dill*, Case No. 3:19cv321-CAB-MDD (S.D. Cal. 2019)("*Dill I*"), Doc. Nos.  1, 6, 7.][2]

Subsequently, on September 6, 2019, this Court issued an order of dismissal of *Dill I* in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41. [*Dill I*, Doc. No. 30.] The Court also ordered Plaintiff to pay sanctions to Defendant. [*Dill I*, Doc. No. 31.] On September 6, 2019, the judgment of dismissal with prejudice was entered in *Dill I*. [*Dill I*, Doc. No. 31.]

On March 9, 2020, Plaintiff filed a notice of appeal in the Ninth Circuit Court of Appeal as to the judgment. [*Dill I*, Doc. No. 43.] On March 18, 2020, the Ninth Circuit referred to the District Court the questions of whether in forma pauperis status should continue to Neville's appeal, and whether his appeal was frivolous or taken in bad faith. [*Dill I*, Doc. No. 46.]

On March 18, 2020, the District Court issued an order on the Ninth Circuit's referral determining that "the appeal from the judgment of this Court entered on September 6, 2019 is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and in forma pauperis status should not continue for this appeal… Based on the record before it, the Court finds and certifies that Plaintiff's appeal has no arguable basis in law or fact, rendering it frivolous and not taken in good faith under 28 U.S.C. § 1915(a)(3)." [*Dill I*, Doc. No. 47 at 2:3-14.]

---

[1] The *McCaghren Action* named as defendant Elizabeth McCaghren, Defendant Dill's sister and Plaintiff Neville's half-sister. McCaghren, Neville and Dill are all children of Jessica Neville, who was killed in a Florida house fire in 2008.  *See* 2019 WL 97836 at *1; Doc. No. 6 at 1.

[2] In deciding a motion for judgment on the pleadings, the Court may consider matters subject to judicial notice under Federal Rule of Evidence 201. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).  Accordingly, Defendant's request for judicial notice [Doc. No. 5-2] is **GRANTED** pursuant to Fed.R.Evid. 201(c)(2).

On November 12, 2020, the Ninth Circuit issued an order on Neville's appeal which stated:

> The USDC certified that this appeal is not taken in good faith and revoked appellant's in forma pauperis status. On March 23, 2020, the USCA ordered appellant to explain in writing why this appeal should not be dismissed as frivolous. Upon a review of the record and the responses to the USCA's March 23, 2020 order, we conclude this appeal is frivolous. We therefore, deny appellant's motion to proceed in forma pauperis and dismiss this appeal as frivolous, pursuant to 28 U.S.C. §1915(e)(2).

[*Dill I*, Doc. No. 49.]

On December 8, 2020, the Ninth Circuit issued a mandate dismissing Plaintiff's appeal. [*Dill I*, Doc. No. 50.] On April 1, 2021, Plaintiff attempted to file in the District Court a "Motion to Reinstate the Case" which was rejected. [*Dill I*, Doc. No. 51.]

On May 3, 2021, Plaintiff (still proceeding pro se and with a fee waiver), filed against Defendant an action in the Superior Court of California for the County of San Diego for alleged "estate fraud" in connection with the administration of the Estate of Jessica Neville. The San Diego Superior Court action was captioned *Neville v. Dill*, San Diego Superior Court Case No. 37-2021- 00019955-CU-FR-NC (the "state court action"). [Doc. No. 1-2.]  Subsequently, on June 22, 2021, Defendant filed a Notice of Removal in order to effectuate a transfer of the state court action to the Southern District of California. [Doc. No. 1.]

## Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." In ruling on a motion for judgment on the pleadings brought pursuant to Rule 12(c), "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted). Judgment on the pleadings is proper when the moving party

clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *See id*.

Rule 12(c) is functionally identical to Rule 12(b)(6) and the same standard of review "applies to motions brought under either rule." *See Dworkin v. Hustler Magazine*, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, whether brought under Rule 12(b)(6) or Rule 12(c), the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

## Discussion

Plaintiff's claims in this action are barred by the doctrine of res judicata. As set forth above, this Court dismissed *Dill I* with prejudice pursuant to its authority under Federal Rule 41(a)(2). The claims in this action are identical to Plaintiff's claims in *Dill I*. Both the First Amended Complaint in *Dill I* and the operative complaint here allege "estate fraud" against Defendant with regards to the administration of the estate of Jessica Neville. [*Compare Dill I*, Doc No. 6 *with* Doc. No. 1-2.] Both complaints seek damages in connection with the alleged "estate fraud." *Id*. Furthermore, the facts alleged in both complaints are, in substance, identical (i.e. that Jessica Neville had been involved in an automobile accident leading to brain damage). *Id*.

"The doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other

admissible matter which might have been offered for that purpose." *Nevada v. United States*, 463 U.S. 110, 130–31 (1983)(internal citations omitted). The elements necessary to establish res judicata in the second action are (1) an identity of claims between the first and second actions, (2) a final judgment on the merits in the first action, and (3) privity between the parties of the first and second actions. *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 686 (9th Cir.2005)(internal citations omitted).

Here, all three elements required to establish res judicata are present. First, the identity of Plaintiff's claims are substantively identical to those brought in *Dill I*, and relate entirely to the administration of Jessica Neville's estate. [*Compare Dill I*, Doc No. 6 *with* Doc. No. 1-2.] Second, this Court dismissed *Dill I* with prejudice, which constitutes a final judgment on the merits. *Hells Canyon*, 403 F.3d at 686. Lastly, the parties in this action are identical to those in *Dill I*, which satisfies the privity requirement. [*Compare Dill I*, Doc No. 6 *with* Doc. No. 1-2.] Because all three elements are met, the claims are barred by the doctrine of res judicata.

## Conclusion

For the reasons set forth above, Defendant's motion for judgment on the pleadings is **GRANTED**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: August 12, 2021

Hon. Cathy Ann Bencivengo
United States District Judge